

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0792-12

**RUDY VILLA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### GAINES COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

The Court says that appellant's acquittal on the indecency charge indicates that the jury found that he had no sexual intent when he touched the victim. If the jury had given appellant the minimum sentence of twenty-five years, I might agree. During punishment-phase argument, defense counsel asked the jury to do just that, and assess the minimum punishment because appellant's conduct "really involved the application of medication." But the jury imposed double that amount of time: fifty years. I think that if the jury really believed that appellant had no sexual intent, it would not have imposed such a severe sentence. There are other possible explanations for the jury's acquittal on the indecency charge. Perhaps the jury acquitted because it believed that aggravated

sexual assault was the more appropriate charge.[1]  Or perhaps the jury was exercising its own common-sense notion of double jeopardy, given that the two offenses were based on the same conduct.  We do not know why the jury acquitted appellant of the indecency offense, but it seems to me unreasonable to believe that the jury would assess a fifty-year sentence if it believed that appellant was acting for the child's own welfare.  Under *Strickland*,[2] appellant has the burden to show prejudice.  I would hold that he has failed to do so.

I respectfully dissent.

Filed: November 6, 2013
Publish

---

[1] *Compare* TEX. PENAL CODE § 21.11 (c)(1) (criminalizing certain types of "touching") *with* TEX. PENAL CODE § 22.021 (a)(1)(B)(i) (criminalizing certain types of "penetration").

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).